EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERÓNIMO GONZÁLEZ, JR., acusado y apelante.

No. 2906.—*Visto:* Noviembre 12, 1926. *Resuelto:* Febrero 11, 1927.

1. ARMAS—FACULTAD O PODER PARA PROHIBIR EL PORTAR ARMAS—PODER LEGISLATIVO INSULAR.—No conteniendo nuestra Carta Orgánica, en las prohibiciones que contiene, disposición alguna que impida el que se apruebe una ley prohibiendo portar armas peligrosas y habiéndosele conferido a Puerto Rico plenos poderes legislativos dentro de tal concesión tiene todos los poderes de policía razonablemente imaginables incluyendo el derecho de prohibir el portar tales armas.

2. ARMAS—ESTATUTO PROHIBIENDO PORTAR ARMAS—CONSTITUCIONALIDAD DEL MISMO.—Si bien la Ley de Portar Armas Prohibidas quizás sería insostenible

—como constitucional—en ciertos particulares bajo el precepto constitucional americano que concede a los ciudadanos el derecho de portar armas, suponiendo la constitución aplicable a esta Isla, aquélla será sostenible, sin embargo, en tanto en cuanto trata de manoplas.

SENTENCIA de *Luis Samalea Iglesias,* J. (Arecibo), condenando al acusado por delito de portar armas prohibidas.  *Confirmada.*

*Rafael Muñoz Ramos,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El apelante alega que la Ley de 1924 prohibiendo portar armas es anticonstitucional.  Algunas de las cuestiones levantadas han sido ya resueltas en los casos de *El Pueblo* v. *Vadi,* 34 D.P.R. 562 y *El Pueblo* v. *Acevedo,* 34 D.P.R. 460.

[1, 2] La principal cuestión nueva levantada es que la Constitución de los Estados Unidos concede a los ciudadanos el derecho de portar armas, y que el Congreso, al concederle poderes a la Legislatura, no la autorizó a aprobar leyes prohibiendo portar armas.  En los Estados Unidos, generalmente lo que se prohibe es portar armas ocultamente.

Se ha resuelto que la Constitución de los Estados Unidos como tal, no está en vigor en Puerto Rico.  En cambio, tenemos un Acta Orgánica en la cual se mencionan ciertas prohibiciones, pero la misma no contiene disposición alguna que impida que se apruebe una ley prohibiendo portar armas peligrosas.  Desde el 1905, cuando se aprobó la primera ley de portar armas, siempre se ha entendido que Puerto Rico, no estando dentro de la prohibición constitucional a que hemos hecho referencia, podía aprobar una ley prohibiendo el uso de tales armas peligrosas.

En cuanto a la cuestión de que el Congreso no podía autorizar a Puerto Rico a aprobar tal ley, estamos muy convencidos de que a Puerto Rico se le han conferido plenos poderes legislativos, y que dentro de tal concesión tiene

todos los poderes de policía razonablemente imaginables, incluyendo el derecho de prohibir el portar armas peligrosas.

Aun suponiendo que la disposición constitucional invocada fuera aplicable a Puerto Rico, dudamos que este acusado pudiera ampararse en ella. El fué sentenciado por portar una manopla. Tenemos dudas sobre si tal arma estuvo jamás en la mente de los redactores de la Constitución cuando dispusieron que no se coartaría a los ciudadanos el derecho de portar armas. Las manoplas no son distintivamente las armas usadas por los ciudadanos que la Constitución deseaba proteger. De modo que quizás la ley, aún siendo insostenible en otros particulares, pudiera sostenerse cuando se trata de manoplas.

No hallamos que se haya cometido error en la apreciación de la prueba, y *la sentencia apelada debe ser confirmada.*