EL PUEBLO DE PUERTO RICO, demandante y apelado, *v* ANTONIO GONZÁLEZ, acusado y apelante.

No. 2825.—*Visto:* Diciembre 3, 1926.   *Resuelto:* Mayo 31, 1927.

1. DERECHO PENAL—MOCIONES PARA NUEVO JUICIO Y EN ARRESTO DE SENTENCIA—DESCUBRIMIENTO DE NUEVAS PRUEBAS—EN GENERAL.—En ausencia de una demostración adecuada al efecto, una moción de nuevo juicio fundada en el descubrimiento de nuevas pruebas no necesita considerarse seriamente.

2. DERECHO PENAL—MOCIONES PARA NUEVO JUICIO Y EN ARRESTO DE SENTENCIA—DESCUBRIMIENTO DE NUEVAS PRUEBAS—CREDIBILIDAD DE LOS TESTIGOS.—Si los temores de testigos impiden el éstos ser descubiertos antes del juicio, tal estado mental de los testigos debe exponerse claramente y ser apreciado por la corte.

3. DERECHO PENAL—MOCIONES PARA NUEVO JUICIO Y EN ARRESTO DE SENTENCIA—DESCUBRIMIENTO DE NUEVAS PRUEBAS—EN GENERAL—AUSENCIA DE DEMOSTRACIÓN ADECUADA AL EFECTO Y EFECTO.—Cuando la moción de nuevo juicio se funda en la apreciación de la prueba, la argumentación en el Supremo debe ser convincente y no guardar silencio respecto a por qué se debe dar crédito a unos testigos más que a otros.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES DISCRECIONALES—EXCLUSIÓN DE TESTIGOS DE LA SALA DEL TRIBUNAL.—El excluir testigos de la sala de la corte queda a la discreción de la corte y el apelante debe convencer al Supremo de lo contrario, no con manifestaciones generales sino demostrando que hubo un abuso y que se cometió una injusticia.

5. TESTIGOS—CREDIBILIDAD—IMPUGNACIÓN, CONTRADICCIÓN Y CORROBORACIÓN—MANIFESTACIONES INCONSISTENTES DE TESTIGOS—TESTIGOS SUJETOS A IMPUGNACIÓN—PROPIOS TESTIGOS—EVASIÓN DE PREGUNTAS E INSISTENCIA EN QUE CONTESTE.—Cuando sorprendido El Pueblo por la declaración de un testigo, declaraciones anteriores de éste son leídas al jurado y aquél trata de evadir preguntas que se le hacen, el insistir la corte en que conteste resultando en la admisión por éste de la verdad de dichas declaraciones sin coerción indebida, no es error.

6. DERECHO PENAL—JUICIO—NECESIDAD, REQUISITOS Y SUFICIENCIA DE LAS INSTRUCCIONES—INSTRUCCIÓN SOBRE DUDA RAZONABLE—INSTRUCCIÓN QUE INDUCE A ERROR.—Una instrucción sobre duda razonable al efecto de que ''a todo hombre se le presume inocente pero esta presunción de inocencia no es que se haya de considerar al hombre inocente del delito de que se le acusa'' induce a error.

7. DERECHO PENAL—JUICIO—NECESIDAD, REQUISITOS Y SUFICIENCIA DE LAS INSTRUCCIONES—PREPONDERANCIA DE LA PRUEBA.—Una instrucción sobre preponderancia de la prueba en juicio criminal es errónea, induce a malas interpretaciones y es perjudicial.

8. Derecho Penal—Juicio—Necesidad, Requisitos y Suficiencia de las Instrucciones—Manifestaciones Respecto a la Prueba.—La manifestación al jurado respecto a que la prueba de cargo es ''clara, corta y sobre el mismo hecho y punto en cuestión'' no es una al efecto de que el jurado debe creer a los testigos de El Pueblo sino una llamada al efecto de que dicha prueba es directa, suficiente y breve.

9. Homicidio (Homicide)—Juicio—Instrucciones—Ataque con Intención de Cometer Homicidio—Instrucción Sobre Acometimiento y Agresión Grave.—Cuando la prueba tiende a demostrar un ataque con intención de cometer homicidio, en ausencia de autoridades al efecto la corte no viene obligada a instruir sobre el delito de acometimiento y agresión grave.

Sentencia de *Enrique Lloreda,* J. (Arecibo), condenando al acusado por delito de ataque con intención de cometer homicidio. *Revocada.*

*José A. Vargas,* abogado del apelante; *José E. Figueras,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] La corte inferior denegó una moción solicitando un nuevo juicio. En lo que concernía a la nueva prueba descubierta, hubo tan poca demostración adecuada por el apelante que no es necesario considerar seriamente la moción. [2] Si los temores de testigos particulares impidieron que éstos fuesen descubiertos antes del juicio, el hecho de este estado mental de los testigos debe exponerse claramente y ser apreciado por la corte. [3] Cuando la moción de nuevo juicio se funda en la apreciación de la prueba, la argumentación en esta corte debe convencernos, y no guardar silencio respecto a por qué se debía dar crédito a unos testigos y a otros no.

[4] El excluir los testigos de la sala de la corte queda a la discreción de la corte, y el apelante debe convencernos de lo contrario no con manifestaciones generales, sino demostrando que hubo un abuso y que se cometió una injusticia.

[5] Recientemente hemos tenido ocasión de indicar en varios casos lo que El Pueblo debe hacer cuando es sorprendido por la declaración de un testigo. *El Pueblo* v. *González,* (No. 2906), 36 D.P.R. 248; *El Pueblo* v. *Plata,* (No. 3959), 36 D.P.R. 590. Aquí surgió una verdadera sorpresa cuando el perjudicado negó tener conocimiento de la persona que le

había hecho un disparo de revólver. Las declaraciones ante-
riores del testigo fueron leídas al jurado y el apelante en
realidad no se queja de que no hubiera fundamento debido
para la presentación de estas declaraciones. De lo que sí se
queja el apelante es que se obligó al testigo a hacer las mani-
festaciones que finalmente hizo y que a su abogado no se le
dió oportunidad para presentar las debidas objeciones. De
la actitud y modo de conducirse del testigo, la corte pudo
determinar si él trataba o no de evadir contestar las preguntas
que se le hacían. El juez no estaba equivocado al insistir en
que el testigo contestara, y no le impidió al abogado que
formulara objeciones. Se hizo que el testigo admitiera la
verdad de sus manifestaciones anteriores sin coerción inde-
bida.

[6] El apelante se queja de que la corte dejó de instruir
al jurado debidamente respecto a duda razonable. No se
tomó excepción, y quizás si las instrucciones en su totalidad
hubiesen sido bastante claras, no nos habríamos detenido en
este señalamiento de error. La corte estuvo equivocada al
decir que ''a todo hombre se le presume inocente, pero
esta presunción de inocencia no es que se haya de consi-
derar al hombre inocente del delito de que se le acusa.''
Esta es una clara contradicción de expresión. Lo que tal vez
la corte quiso decir fué que la presunción de inocencia no per-
sistía ante prueba fuera de duda razonable o que la presun-
ción de inocencia podía ser controvertida, pero las palabras,
tal como fueron pronunciadas, inducían a error.

[7] Aún más erróneas fueron las observaciones de la corte
respecto a la preponderancia de la prueba. En un juicio cri-
minal no hay lugar a hablar de preponderancia de la prueba.
Tal manifestación corresponde a un juicio civil. En un juicio
criminal el acusado debe ser convicto en virtud de prueba
fuera de una duda razonable. La corte finalmente dijo algo a
este efecto, pero el hacer referencia a la preponderancia de
la prueba fué erróneo, inducía a malas interpretaciones, y
era perjudicial. Es evidente que puede aún surgir una duda

razonable aunque haya una preponderancia de prueba a favor de El Pueblo.

[8] La corte también manifestó al jurado que la prueba del fiscal era "clara, corta y sobre el mismo hecho y punto en cuestión." Sin embargo, las instrucciones en su totalidad no nos convencen de que la corte manifestara al jurado que debía creer a los testigos de El Pueblo, sino de que meramente se llamó la atención al hecho de que la prueba ofrecida era directa, sucinta y breve.

[9] Cuando, como en este caso, la prueba tiende a demostrar un ataque con intención de cometer homicidio, el apelante no nos convence con citas de autoridades o de algún otro modo que la corte esté obligada a instruir al jurado sobre el delito de acometimiento y agresión con circunstancias agravantes.

Por los errores cometidos al instruir acerca de duda razonable y sobre la preponderancia de la prueba, *se revoca la sentencia apelada y se ordena la celebración de un nuevo juicio.*